UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTHONY ROLON,

    Petitioner,

v.

RANDALL HAAS,

    Respondent.

CASE NO. 2:13-CV-10616
HONORABLE GEORGE C. STEEH
UNITED STATES DISTRICT JUDGE

_____/

**OPINION AND ORDER DENYING THE PETITION FOR WRIT OF
HABEAS CORPUS AND DECLINING TO ISSUE A CERTIFICATE OF
APPEALABILITY OR LEAVE TO APPEAL IN FORMA PAUPERIS**

The petitioner, Anthony Rolon, presently on parole supervision with the Michigan Department of Corrections through the Jackson County Parole Office, filed a *pro se* application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Petitioner challenges his conviction for Retail Fraud First Degree, Mich. Comp. Laws § 750.356c, Resisting and Obstructing a Police Officer, Mich. Comp. Laws § 750.81d(1), and being a fourth felony habitual offender, Mich. Comp. Laws § 769.12. The petitioner was sentenced to 60 to 180 months in prison on each count. For the reasons that follow, the petition for a writ of habeas corpus is denied.

I.

On March 27, 2008, the petitioner was sentenced to a three year term of probation and placed in a drug court treatment program. On August 20, 2009, the petitioner plead guilty to probation violation charges for failing to report and committing new criminal activity. The trial court found that the petitioner violated his probation by using alcohol and

cocaine, failing to report multiple times, committing an additional retail fraud first degree offense, and committing an additional resisting and obstructing a police officer offense. (8/20/09, pp. 4-5; 10/15/09, pp. 6-7.). The trial court revoked the petitioner's probation, and then sentenced him to concurrent terms of 60 to 180 months in the Michigan Department of Corrections. (10/15/09, p. 7).

The petitioner's conviction and sentence were affirmed on appeal. *People v. Rolon,* No. 295385 (Mich.Ct.App. January 14, 2010); *lv. den.* 486 Mich. 930 (2010). The petitioner then filed a post-conviction motion for relief from judgment, which was denied. *People v. Rolon*, No. 08-30-FH (Eaton Circuit Court, August 15, 2011). The Michigan appellate courts denied petitioner's post-conviction appeal. *People v Rolon*, No. 306634 (Mich.Ct.App. December 16, 2011); *lv. den.* 492 N.W.2d 853 (2012).

The petitioner seeks a writ of habeas corpus on the following grounds:

I. Petitioner was denied effective assistance of trial and appellate counsel as guaranteed by the sixth amendment of the United States Constitution.

II. Petitioner was denied due process of law where the trial court sentenced Petitioner above the Michigan Sentencing Guidelines in violation of the Fifth and Fourteenth Amendments to the United States Constitution.

II.

28 U.S.C. § 2254(d), as amended by The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), imposes the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-11.

The Supreme Court has explained that "[A] federal court's collateral review of a state-court decision must be consistent with the respect due state courts in our federal system." *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003). The "AEDPA thus imposes a 'highly deferential standard for evaluating state-court rulings,' and 'demands that state-court decisions be given the benefit of the doubt.'" *Renico v. Lett*, 130 S. Ct. 1855, 1862 (2010)((quoting *Lindh v. Murphy*, 521 U.S. 320, 333, n. 7 (1997); *Woodford v. Viscotti*, 537 U.S. 19, 24 (2002) (*per curiam*)). "[A] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 131 S. Ct. 770, 786 (2011)(citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).

III.

A.

The Court discusses petitioner's two claims together because they are interrelated. In his second claim, petitioner contends that the judge improperly departed above the sentencing guideline range. In his first claim, petitioner contends that trial counsel was ineffective for failing to object to the departure and that appellate counsel was ineffective for failing to raise the upward departure claim and the ineffective assistance of trial counsel claim, in his direct appeal.

In his second claim, the petitioner contends that he was denied due process of law when the trial judge sentenced him above the Michigan Sentencing Guideline range.[1]

A sentence imposed within the statutory limits is not generally subject to habeas review. *Townsend v. Burke*, 334 U.S. 736, 741 (1948); *Friday v. Pitcher*, 200 F. Supp. 2d 725, 744 (E.D. Mich. 2002). The trial court judge referenced the petitioner's conduct when departing above the sentencing guidelines. Additional drug use and two additional crimes, identical to those which were the underlying crimes of the petitioner's probation, were the reasons given along with the petitioner's extensive adult criminal record as reasons for departing from the guidelines.

It is well-established that "federal habeas corpus relief does not lie for errors of state law." *Estelle v. McGuire*, 502 U.S. 62, 67 (1991). Petitioner's claim that the state trial court misapplied the Michigan Sentencing Guidelines is not a cognizable claim for federal

---

[1] Respondent contends that petitioner's first and second claims are procedurally defaulted, because he raised them for the first time in his post-conviction motion for relief from judgment and failed to show cause for failing to raise these issues in his direct appeal, as well as prejudice, as required by M.C.R. 6.508(D)(3). The court will not default the claims, since they are meritless and will discuss them on the merits.

habeas review, because it is a state law claim. *See Howard v. White*, 76 Fed. Appx. 52, 53 (6th Cir. 2003); *See also Haskell v. Berghuis*, 695 F. Supp. 2d 574, 598 (E.D. Mich. 2010). "Petitioner has no state-created interest in having the Michigan Sentencing Guidelines applied rigidly in determining his sentence." *See Mitchell v. Vasbinder*, 644 F. Supp. 2d 846, 867 (E.D. Mich. 2009)(citing *Shanks v. Wolfenbarger*, 387 F. Supp. 2d 740, 752 (E.D. Mich. 2005)). Petitioner's claim that the state trial court improperly departed above the sentencing guidelines range would thus not entitle him to habeas relief, because such a departure does not violate any of petitioner's federal due process rights. *See Austin v. Jackson,* 213 F. 3d 298, 302 (6th Cir. 2000); *See also Drew v. Tessmer*, 195 F. Supp. 2d 887, 889-90 (E.D. Mich. 2001). "[I]n short, petitioner had no federal constitutional right to be sentenced within Michigan's guideline minimum sentence recommendations." *Doyle v. Scutt*, 347 F. Supp. 2d 474, 485 (E.D. Mich. 2004). Any error by the trial court in calculating his guideline score or in departing above his sentencing guidelines range alone would not merit habeas relief. *Id.* Petitioner is not entitled to relief on his sentencing guideline claim.

In his first claim, petitioner alleges that trial counsel was ineffective for not objecting to the upward departure from the Michigan Sentencing Guidelines and that appellate counsel was ineffective for not raising his upward departure and ineffective assistance of trial claims on his direct appeal.

To show that he was denied the effective assistance of counsel under federal constitutional standards, a defendant must satisfy a two prong test. First, the defendant must demonstrate that, considering all of the circumstances, counsel's performance was so deficient that the attorney was not functioning as the "counsel" guaranteed by the Sixth

Amendment. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In so doing, the defendant must overcome a strong presumption that counsel's behavior lies within the wide range of reasonable professional assistance. *Id.* In other words, petitioner must overcome the presumption that, under the circumstances, the challenged action might be sound trial strategy. *Strickland*, 466 U.S. at 689. Second, the defendant must show that such performance prejudiced his defense. *Id.* To demonstrate prejudice, the defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "*Strickland's* test for prejudice is a demanding one. 'The likelihood of a different result must be substantial, not just conceivable.'" *Storey v. Vasbinder*, 657 F.3d 372, 379 (6th Cir. 2011)(quoting *Harrington v. Richter*, 131 S. Ct. at 792). The Supreme Court's holding in *Strickland* places the burden on the defendant who raises a claim of ineffective assistance of counsel, and not the state, to show a reasonable probability that the result of the proceeding would have been different, but for counsel's allegedly deficient performance. *See Wong v. Belmontes*, 558 U.S. 15, 27 (2009). The *Strickland* standard applies as well to claims of ineffective assistance of appellate counsel. *See Whiting v. Burt*, 395 F. 3d 602, 617 (6th Cir. 2005).

Furthermore, a right to the effective assistance of counsel exists during sentencing in both noncapital and capital cases. *See Lafler v. Cooper*, 132 S. Ct. 1376, 1385-86 (2012). Although sentencing does not involve a criminal defendant's guilt or innocence, "ineffective assistance of counsel during a sentencing hearing can result in *Strickland* prejudice because 'any amount of [additional] jail time has Sixth Amendment significance.'" *Lafler*, 132 S. Ct. at 1386 (quoting *Glover v. United States*, 531 U.S. 198, 203 (2001)).

Although trial counsel did not object to the trial court's imposition of a sentence above the guidelines, counsel did argue on the petitioner's behalf that the probation department indicated that the petitioner had the potential to complete probation and that petitioner had his family, a stable residence and good employment history. (10/15/09, pp. 4-5). Trial counsel's approach of providing information in support of the petitioner, rather than challenging the upward departure, fell within the wide range of reasonable professional assistance, and therefore did not constitute deficient performance in support of an ineffective assistance claim. *See Harrington v. U.S.*, 489 Fed. Appx. 50, 55 and n. 1 (6th Cir. 2012).

Moreover, the petitioner is unable to show that he was prejudiced by counsel's alleged deficiencies with respect to the failure to object to an upward departure from the Michigan Sentencing Guidelines because the judge concluded on post-conviction review that there was a reasonable basis for departure and the Michigan appellate courts upheld the departure from the sentencing guidelines on petitioner's post-conviction appeal.

As the Eleventh Circuit noted, when the alleged attorney error involves the failure to object to a violation of state law that does not involve the enforcement of federal constitutional rights or interests, there is no Supreme Court case which prevents a federal court sitting in habeas review of a state court conviction from looking "to whether there is a reasonable probability that the do-over proceeding state law provides would reach a different result." *See Hammond v. Hall*, 586 F.3d 1289, 1340 (11th Cir. 2009).

Since the trial court judge concluded that there were compelling reasons to depart above the sentencing guideline range, and the Michigan appellate courts upheld this ruling, the petitioner is unable to show that he was prejudiced by his counsel's purported

ineffectiveness in failing to object to the upward departure from his sentencing guideline range. *See Coleman v. Curtin*, 425 Fed. Appx. 483, 485 (6th Cir. 2011). Petitioner has offered no evidence to show that the state trial court judge would have been inclined to impose a lesser sentence, thus, he is unable to show that he was prejudiced by his counsel's purported ineffectiveness in failing to object to the upward departure from the sentencing guideline range. *See Spencer v. Booker*, 254 Fed. Appx. 520, 525-26 (6th Cir. 2007).

The petitioner's ineffective assistance of trial counsel claim is meritless. As a result, appellate counsel was not ineffective for failing to raise this claim.

### IV. Conclusion

The Court will deny the petition for writ of habeas corpus. The Court will also deny a certificate of appealability to petitioner. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* at 484. "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

For the reasons stated in this opinion, the Court will deny petitioner a certificate of

appealability because he has failed to make a substantial showing of the denial of a federal constitutional right. *Myers v. Straub*, 159 F. Supp. 2d 621, 629 (E.D. Mich. 2001). The Court will also deny petitioner leave to appeal *in forma pauperis*, because the appeal would be frivolous. *Id.*

### V. ORDER

Based upon the foregoing, IT IS ORDERED that the Petition for a Writ of Habeas Corpus is DISMISSED WITH PREJUDICE.

IT IS FURTHER ORDERED That a Certificate of Appealability is DENIED.

IT IS FURTHER ORDERED that Petitioner will be DENIED leave to appeal *in forma pauperis*.

Dated: March 13, 2015

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on March 16, 2015, by electronic and/or ordinary mail and also on Anthony Rolon #254782, Gus Harrison Correctional Facility, 2727 East Beecher Street, Adrian, MI 49221.

s/Barbara Radke
Deputy Clerk